FIXY 33 LLC v Deutsch (2025 NY Slip Op 02412)

FIXY 33 LLC v Deutsch

2025 NY Slip Op 02412

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 654400/23|Appeal No. 4192-4193-4194|Case No. 2024-02981 2024-04652 2024-06685|

[*1]FIXY 33 LLC, Plaintiff-Respondent,
v
Joseph Y. Deutsch, Defendant-Appellant. 

Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough, IV of counsel), for appellant.
Morrison Cohen LLP, New York (Mark Jarashow of counsel), for respondent.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered October 28, 2024, in plaintiff's favor, and bringing up for review orders, same court and Justice, entered on or about March 28 and June 10, 2024, which granted plaintiff's motion for summary judgment in lieu of complaint, denied defendant's cross-motion to dismiss pursuant to CPLR 3211(a)(5), and granted plaintiff's application for attorneys' fees, unanimously affirmed, with costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
On or about June 15, 2021, defendant's company, Guardian Op 1 LLC (Guardian Op), entered into an agreement with Guardian Prop 3 LLC (Guardian Prop) to lease a nursing facility. Defendant guaranteed Guardian Op's obligations under the lease. Contemporaneous with Guardian Prop and Guardian Op entering into the lease, plaintiff entered into a loan agreement with defendant whereby plaintiff loaned defendant $375,000 for capital expenditures for the facility. The loan agreement stated that plaintiff is affiliated with Guardian Prop, MA SB Prop Holdings LLC (MA SB), and MA Somerset Prop Holdings LLC (MA Somerset). Defendant also executed the promissory note that is the subject of this action, which incorporated the terms and conditions of the loan agreement, and in which defendant promised to pay interest starting on July 1, 2023.
On or about June 24, 2022, as relevant here, MA SB, MA Somerset, and Guardian Prop (defined as landlords), entered into a settlement agreement with Guardian Op (defined as tenant), to take away the operation of the nursing facility from Guardian Op. Section 3 of the settlement agreement provided for termination of the guaranty and a release. The release provided that upon completion of the transfer of operations, among other things, the guaranty "shall be deemed terminated" and that landlords "on behalf of themselves and each of their . . . affiliates . . . , shall . . . irrevocably waive and release forever any and all claims . . . , from the beginning of the world to the Effective Date of this Agreement, which the [landlords] ever had or now have or may have as against [defendant] related to the Leases and/or the Facilities." The predicates for the release were completed. Critically, the release makes no reference to the note, and plaintiff did not sign the settlement agreement.
Defendant did not pay interest on the promissory note on July 1, 2023. Plaintiff sent a demand letter, accelerating the loan and demanding attorneys' fees. When defendant failed to pay, plaintiff commenced this action.
Plaintiff established its entitlement to summary judgment in lieu of complaint by submitting the promissory note signed by the defendant, the demand letters establishing defendant's default and accelerating the entirety of the debt, and the affidavit of its member attesting defendant's failure to pay thereafter (see DB 232 Seigel Mezz LLC v Moskovits, 223 AD3d 610[*2], 611 [1st Dept 2024] [holding same and citing in support BBM3, LLC v Vosotas, 216 AD3d 403 [1st Dept 2023] and Simon v. Industry City Distillery, Inc., 159 AD3d 505 [1st Dept 2018]).
Defendant failed to rebut plaintiff's prima facie case. Defendant's argument that the release precluded plaintiff's claims is without merit. The promissory note says it can be discharged or terminated "only by an agreement in writing signed by the party against whom enforcement of any . . . discharge or termination is sought." Plaintiff did not sign the release at issue, and the release makes no reference to plaintiff or the note. By the plain terms of the note, therefore, plaintiff did not release its claims thereunder. For the same reasons, defendant's argument that plaintiff was an "affiliate" of Guardian Prop, MA SB, and MA Somerset as of the June 2022 settlement agreement, thereby releasing its claims, is unavailing.
For the same reasons, the court properly denied defendant's cross-motion to dismiss the action pursuant to CPLR 3211(a)(5).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025